FILED
2024 Dec-04  PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

DEC - 3 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No. 1:23-cr-00450-MHH-NAD** |
| | ) | |
| GABRIEL SAMUEL ODIOT | ) | |

### PLEA AGREEMENT

The Government and the defendant, **GABRIEL SAMUEL ODIOT**, hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to Count One and Count Twelve of the Superseding Indictment filed in the above-numbered and -captioned matter; (ii) join the Government's sentencing recommendation as outlined in section **III** below; (iii) consent to forfeiture as described in section **XII** below; (iv) pay restitution as determined by the Court at sentencing; and (v) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Count Nine of the Superseding Indictment at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials G.O.

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for conspiracy to commit bank fraud and wire fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One, is:

A.   Imprisonment for not more than 30 years;

B.   A fine of not more than $1 million, or,

C.   Both A and B;

D.   Supervised release of not more than 5 years; and

E.   A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for aggravated identity theft, in violation of Title 18, United States Code, Section 1028A, as charged in Count Twelve, is:

A.   Imprisonment for 2 years consecutive to any other term of imprisonment imposed by the Court;

B.   A fine of not more than $250,000, or,

C.   Both A and B;

D.   Supervised release of not more than 1 year; and

E.   A special assessment of $100.

Defendant's Initials _G.O._

## II.    FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

### A. Overview of the Offense Conduct

Telegram is a cloud-based instant messaging service that offers users the ability to send and receive end-to-end encrypted messages to users around the world. Telegram channels allow users to disseminate messages to Telegram users who subscribe to a particular channel. Each Telegram user has a handle or username that identifies the user's account. The handle is preceded by an "@" symbol.

"Glass House Records" was a Telegram channel dedicated to the sale of stolen and fraudulent checks. During the period charged in the superseding indictment, it operated as a fraud marketplace. Administrators of the "Glass House Records" channel obtained stolen and fraudulent checks from corrupt postal employees and then posted redacted copies of those checks on the channel to market them for sale. Subscribers to the Telegram channel, and other customers of "Glass House Records," would then send the channel's administrators a private message to arrange for the purchase and delivery of checks. "Glass House Records" customers would pay for these checks using Bitcoin and mobile payment services like Cash App.

During the period charged in Count One of the superseding indictment, the defendant, **GABRIEL ODIOT**, knowingly and intentionally conspired with others to commit wire and bank fraud, in violation of 18 U.S.C. §§ 1349, 1343, and 1344. In particular, the defendant collaborated with **DAYLIN BANKS** and **DUANE SMITH**, the administrators of the "Glass House Records" Telegram channel, conspiring with them both to commit wire and bank fraud. In doing so, the defendant used the means of identification of another real person as Charged in Count Twelve of the superseding indictment, and he did so without lawful authority, in violation of 18 U.S.C. §1028A.

### B. Gabriel Odiot and Daylin Banks are arrested by Heflin Police

On March 4, 2023, police officers in Heflin, Alabama stopped a silver Chevy Malibu traveling on I-20. At the time of the stop, **BANKS** was driving the vehicle and the **ODIOT** was in the passenger seat. While informing **BANKS** and **ODIOT** about the reason for the stop, the officer detected the odor of marijuana coming from the vehicle. The officer subsequently initiated a probable cause search of the vehicle.

Defendant's Initials G.O.

During the search of the vehicle itself, the officer recovered a white plastic baggie near the gear shifter that contained suspected oxycodone pills. In the glove box, the officer located a number of unauthorized access devices embossed with the names of individuals other than **BANKS** and **ODIOT**. Under the front passenger seat, the officer located two handguns, ammunition, and a high-capacity magazine.

Next, while searching the trunk, the officer located a black backpack. The backpack contained rolling papers, a digital scale, a MacBook computer, a fraudulent Georgia driver's license, unauthorized access devices, stolen or otherwise fraudulent checks, a portable printer, and other items associated with check fraud. In addition, the officer located a silver suitcase, which contained blank check stock that contained portable security features, counterfeit personal checks, counterfeit business checks, unauthorized access devices, an HP laptop computer, an installation guide for VersaCheck check writing software, bank deposit slips, and a New York toll notice listed in **ODIOT**'s name. An AR-style pistol with a loaded magazine containing eighteen bullets was also located in the trunk.

In total, 209 unauthorized access devices from more than two dozen financial institutions were recovered from the vehicle.

### C. Gabriel Odiot's role in the conspiracy

From at least August 2022 until at least March 2023, **ODIOT** ran a Telegram channel called "RICH OFF PLAYS," which was dedicated to the negotiation of stolen or fraudulent checks. **BANKS** and **SMITH** both subscribed to the channel. On March 4, 2023, the day of **ODIOT**'s arrest in Heflin, Alabama, **ODIOT** posted to the channel, "My Alabama people yap in Here for a week."

**ODIOT** frequently posted pictures and videos of himself committing bank fraud on the "RICH OFF PLAYS" channel. This included pictures and videos depicting stolen or otherwise fraudulent checks, transaction receipts, and large amounts of cash. In many cases, the pictures and videos were branded with **ODIOT's** nickname "Motion." The defendant's voice can also be heard in videos posted to the channel, which were branded with the "Motion" moniker.

**ODIOT** also used the channel to recruit co-conspirators, including corrupt postal workers. In November 2022, for example, he wrote, "if you got mailman inny or people who work at PO, bring them to me ima turn y'all up today." Likewise, in

Defendant's Initials G.O.

February 2023, he wrote, "mail carriers or people with access to one looking for a 6 figure position pm @routemaker," and directed them to send him a private message.

**ODIOT** first began collaborating with **SMITH** in or around August 2022. And in September 2022, a post referencing "Glass House Mf Records" was shared on the "RICH OFF PLAYS" channel.

**ODIOT** began collaborating with **BANKS** in or around January 2023. From January 2023 to March 2023, **ODIOT** and **BANKS** exchanged images of at least nine checks drawn on bank accounts at seven different financial institutions. The face amount of those checks was $378,345.16. **ODIOT** manufactured counterfeit checks using information from stolen checks obtained by **BANKS**. The defendant then arranged to have fraudulent checks deposited in accounts under his control.

Telegram messages exchanged by **ODIOT** and **BANKS** reflect this activity. On February 7, 2023, for example, **BANKS** sent **ODIOT** photographs of two checks associated with Birmingham-area companies. **ODIOT** then sent a photograph of a laptop computer. On the computer screen there was a check drawn on the Bank of America account of a New Jersey-based company open in Adobe Photoshop. **ODIOT** then wrote, "[c]ooking for my oa instant now." "Cooking" refers to the process of creating a counterfeit check and "OA" is slang for Bank of America.

One of the checks that **BANKS** and **ODIOT** collaborated on was a $51,065.42 check drawn on the account of Albertville, Alabama food service company. During the course of the collaboration, **BANKS** and **ODIOT** discussed, took screenshots, and forged the signature of P.C., the victim company's authorized signatory. In doing so, they transferred, possessed, and used the means of identification of P.C., a real person, without lawful authority, in violation of 18 U.S.C. § 1028A.

On February 21, 2023, **ODIOT** sent **BANKS** a photograph of an AR-style firearm laying on top of various bank cards and check stock. The photograph was accompanied by the message "[s]end me 51." In response, **BANKS** wrote "[b]et" and sent a photograph of the $51,065.42 check described above.

Based solely on evidence seized from **BANKS**' Apple iPhone, **ODIOT** possessed at least 38 checks totaling approximately $993,201.06 during the relevant period. These checks were drawn on the accounts of schools, businesses, and individuals across the country.

\*\*\*

The parties stipulate that venue is appropriate in the Northern District of Alabama.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____

**GABRIEL SAMUEL ODIOT**

## III.    RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A.    That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to

Defendant's Initials _____

withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B.    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a total term of 60 months for Count One and Count Twelve of the Superseding Indictment, which includes the mandatory consecutive term of 24 months for Count Twelve;[1]

C.    That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

D.    That the defendant be required to pay restitution to all the victims of the defendant's crimes, including any victims identified on the defendant's seized iPhones;

E.    That the defendant be required to pay a fine in accordance with the Sentencing Guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

F.    That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

G.    That the defendant pay a special assessment of $200, said amount due and owing as of the date sentence is pronounced.

---

[1]    As set forth on Page 1 of this Plea Agreement, the defendant agrees to join in this recommendation for a total custodial sentence of 60 months' imprisonment.

Defendant's Initials G.O.

## IV.    WAIVERS

### A.    STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, GABRIEL SAMUEL ODIOT, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B.    RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, GABRIEL SAMUEL ODIOT, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am

Defendant's Initials G.O.

pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, GABRIEL SAMUEL ODIOT, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
**GABRIEL SAMUEL ODIOT**

Defendant's Initials _G. O._

## V.      UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.     AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.    VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970),

Defendant's Initials G.O.

(c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.   OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control,

Defendant's Initials G.O.

directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.

Defendant's Initials G.G.

This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI.    TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.    FORFEITURE

*The defendant agrees to consent to the immediate entry of a final order of forfeiture against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(l), in the amount of at least $84,000, which represents proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offenses alleged in Count One of the Superseding Indictment and to which the defendant is indicating the defendant's desire to plead guilty by way of this written Plea Agreement. For*

Defendant's Initials G.O.

*purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said amount and the criminal offense to which the defendant is pleading guilty.*

*The defendant acknowledges that if, due to an act or omission of the defendant, directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) have been transferred or sold to, or deposited with, a third party; (iii) have been placed beyond the jurisdiction of the Court; (iv) have been substantially diminished in value; or (v) have been commingled with other property which cannot be divided without difficulty, as a result, the Government is authorized under law to seek the forfeiture of any and all assets of the defendant as substitute assets for the purpose of satisfying the final order of forfeiture until same is satisfied in full. As a result, the defendant consents to the forfeiture of any and all of the defendant's property up to the value of at least $84,000, representing proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offense alleged in Count One of the Superseding Indictment.*

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Superseding

Defendant's Initials _G.G._

Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Superseding Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

## Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any

Defendant's Initials G.O.

underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

Defendant's Initials G.O.

immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV.    DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 19 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:



_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

Defendant's Initials G.O.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

12/03/24
DATE

GABRIEL SAMUEL ODIOT
Defendant

## XV.   COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

12/03/2024
DATE

WILLIAM T. ZLOCH
Defendant's Counsel

Defendant's Initials G.O.

## XVI.    GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

12/3/24
DATE

EDWARD J. CANTER
Assistant United States Attorney

Defendant's Initials G.G.

(Revised June 2022)